AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

14 CV 6623

RASHIDA LEFEVER and GORETHIE JEAN )
)
*Plaintiff* )
)
v. ) Civil Action No.
NORTHERN LEASING SYSTEMS INC., JAY COHEN )
and RICARDO BROWN )
)
*Defendant* )

JUDGE CARTER

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* NORTHERN LEASING SYSTEMS INC. (Via Secretary of State)
132 W 31ST STREET
NEW YORK, NY 10001

JAY COHEN (Via Place of Employment)

RICARDO BROWN (Via Place of Employment)

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

AKIN LAW GROUP PLLC

45 BROADWAY, SUITE 1420
NEW YORK, NY 10006

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

CLERK OF COURT

Date: AUG 1 9 2014

*Signature of Clerk or Deputy Clerk*

JS 44C/SDNY
REV. 4/2014

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS
RASHIDA LEFEVER and GORETHIE JEAN

DEFENDANTS
NORTHERN LEASING SYSTEMS INC., JAY COHEN and RICARDO BROWN

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
AKIN LAW GROUP PLLC
45 BROADWAY, SUITE 1420
NEW YORK, NY 10006

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. 1981-RACIAL DISCRIMINATION

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No[ ] Yes[x] Judge Previously Assigned

If yes, was this case Vol.[ ] Invol.[ ] Dismissed. No[ ] Yes[ ]   If yes, give date _____ & Case No. _____

IS THIS AN INTERNATIONAL ARBITRATION CASE?   No [x]   Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)                    NATURE OF SUIT

TORTS

ACTIONS UNDER STATUTES

CONTRACT
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

REAL PROPERTY
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

PERSONAL INJURY
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY
[ ] 362 PERSONAL INJURY - MED MALPRACTICE

ACTIONS UNDER STATUTES

CIVIL RIGHTS
[ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner)
[ ] 441 VOTING
[x] 442 EMPLOYMENT
[ ] 443 HOUSING/ACCOMMODATIONS
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 448 EDUCATION

PERSONAL INJURY
[ ] 367 HEALTHCARE/PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

PERSONAL PROPERTY
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING

[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

PRISONER PETITIONS
[ ] 463 ALIEN DETAINEE
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER

PRISONER CIVIL RIGHTS
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION
[ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

FORFEITURE/PENALTY
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 690 OTHER

LABOR
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 740 RAILWAY LABOR ACT
[ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

IMMIGRATION
[ ] 462 NATURALIZATION APPLICATION
[ ] 465 OTHER IMMIGRATION ACTIONS

BANKRUPTCY
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

PROPERTY RIGHTS
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

SOCIAL SECURITY
[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

FEDERAL TAX SUITS
[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

OTHER STATUTES
[ ] 375 FALSE CLAIMS
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 850 SECURITIES/COMMODITIES/EXCHANGE

[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS

[ ] 893 ENVIRONMENTAL MATTERS
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 896 ARBITRATION
[ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION

[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

Check if demanded in complaint:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____ OTHER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: [x] YES [ ] NO

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

(PLACE AN x IN ONE BOX ONLY)          **ORIGIN**

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
    [ ] a. all parties represented
    [ ] b. At least one party is pro se.
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from (Specify District)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN x IN ONE BOX ONLY)     **BASIS OF JURISDICTION**     *IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

[ ] 1 U.S. PLAINTIFF    [ ] 2 U.S. DEFENDANT    [X] 3 FEDERAL QUESTION (U.S. NOT A PARTY)    [ ] 4 DIVERSITY

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

RASHIDA LEFEVER
686 QUINCY STREET
BROOKLYN, NY 11221
KINGS COUNTY

GORETHIE JEAN
195 FIELDMERE STREET
ELMONT, NY 11003

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

NORTHERN LEASING SYSTEMS INC.
132 W 31ST ST
NEW YORK, NY 10001

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

JAY COHEN
RICARDO BROWN

Check one: THIS ACTION SHOULD BE ASSIGNED TO:    [ ] WHITE PLAINS    [X] MANHATTAN
(DO NOT check either box if this a PRISONER PETITION/PRISONER CIVIL RIGHTS COMPLAINT.)

DATE 8/19/2014    SIGNATURE OF ATTORNEY OF RECORD

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED Mo. 11 Yr. 2013)
Attorney Bar Code # RS7487

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

Clear Form      Save      Print

JUDGE CARTER

14 CV 6623

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RASHIDA LEFEVER and GORETHIE JEAN,                Civil Action No.:

                         Plaintiffs,                    COMPLAINT

   - against -

NORTHERN LEASING SYSTEMS INC.,                    **JURY DEMANDED**
JAY COHEN and RICARDO BROWN,

                         Defendants.
------------------------------------------------------------X


RECEIVED AUG 19 2014 U.S.D.C. S.D.N.Y. CASHIERS

      Plaintiff RASHIDA LEFEVER and Plaintiff GORETHIE JEAN (hereinafter referred to as "Plaintiffs"), collectively through their attorneys, AKIN LAW GROUP PLLC, complain of the Defendants, NORTHERN LEASING SYSTEMS INC., JAY COHEN and RICARDO BROWN (collectively "Defendants") as follows:

### PRELIMINARY STATEMENT

1. The Defendants discriminated against the Plaintiffs based on their race, and further retaliated against the Plaintiffs for complaining about the discrimination.

2. More specifically, this is an action for monetary damages, for the Defendants' violation of Plaintiffs' rights under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §1981 (hereinafter "Section 1981"), for unlawful discrimination regarding the Plaintiffs' race, and for retaliating against the Plaintiffs' for complaining about said discrimination. In addition, the Defendants discriminated and retaliated against the Plaintiffs in further violation of the New York State Executive Law § 296 et seq. (hereinafter "Executive Law") and the Administrative Code of the City of New York § 8-101 et seq. (hereinafter "City Law") with regard to the Plaintiffs' race, national origin and gender/sex.

### JURISDICTION AND VENUE

3. The jurisdiction of this Court over this controversy is invoked pursuant to 28 U.S.C. § 1331 and 1343, as this action involves federal questions.

4. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over related claims brought under the Executive Law, New York State common law and the City Law.

5. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202.

6. Venue is appropriate under 28 U.S.C. § 1391 (b) and (c) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, the Defendants regularly conduct business in this district and the Defendants are subject to personal jurisdiction in this district.

## PARTIES

7. Plaintiff RASHIDA LEFEVER (hereinafter referred to as "LEFEVER") is an individual who is a resident of Kings County in the State of New York.

8. That at all times hereinafter mentioned, Plaintiff LEFEVER was and is an African American woman.

9. Plaintiff GORETHIE JEAN (hereinafter "JEAN") is an individual who is a resident of Queens County in the State of New York.

10. That at all times hereinafter mentioned, Plaintiff JEAN was and is an African American woman.

11. That at all times hereinafter relevant, Defendant NORTHERN LEASING SYSTEMS INC. (hereinafter "NORTHERN LEASING") was and is a corporation organized and existing under and by virtue of the laws of the State of New York.

12. That at all times herein relevant, Defendant NORTHERN LEASING is a domestic business entity duly authorized to conduct business in the State of New York.

13. That at all times herein relevant, Defendant NORTHERN LEASING was doing business at the premises designated and more commonly known as 132 West 31st Street, New York, New York 10001.

14. That at all times herein relevant, Defendant NORTHERN LEASING is in the business of lease financing.

15. That at all times herein relevant, Defendant NORTHERN LEASING did and continue to do substantial business in the City and State of New York and engage in commerce.

16. That at all times herein relevant, the Defendants' intentional, malicious, negligent and wrongful acts and omissions occurred within the City and State of New York.

17. That at all times herein relevant, Defendant JAY COHEN (hereinafter "COHEN") was and is a resident of the State of New York.

18. That at all times herein relevant, Defendant COHEN was and is an agent, servant and/or employee of Defendant NORTHERN LEASING.

19. That at all times herein relevant, Defendant COHEN was and still is an employee of Defendant NORTHERN LEASING.

20. That at all times herein relevant, Defendant COHEN was and is employed by Defendant NORTHERN LEASING as the Chief Executive Officer.

21. That at all times herein relevant, Defendant COHEN worked at the premises designated and/or more commonly known as 132 West 31st Street, New York, New York 10001.

22. That at all times herein relevant, Defendant RICARDO BROWN (hereinafter "BROWN") was and is a resident of the State of New York.

23. That at all times herein relevant, Defendant BROWN is an African American individual.

24. That at all times herein relevant, Defendant BROWN is of Panamanian descent.

25. That at all times herein relevant, Defendant BROWN was and is an agent, servant and/or employee of Defendant NORTHERN LEASING.

26. That at all times herein relevant, Defendant BROWN was and still is an employee of Defendant NORTHERN LEASING.

27. That at all times herein relevant, Defendant BROWN was and is a manager at Defendant NORTHERN LEASING.

28. That at all times herein relevant, Defendant BROWN was and is a supervisor at Defendant NORTHERN LEASING.

29. That at all times herein relevant, Defendant BROWN worked at the premises designated and/or more commonly known as 132 West 31st Street, New York, New York 10001.

30. That at all times herein relevant, Plaintiff LEFEVER was employed by Defendant NORTHERN LEASING working at the premises designated and/or more commonly known as 132 West 31st Street, New York, New York 10001.

31. That at all times herein relevant, Plaintiff GORETHIE was employed by Defendant NORTHERN LEASING worked at the premises designated and/or more commonly known as 132 West 31st Street, New York, New York 10001.

## FACTS

32. That on or about January 25, 2007, Plaintiff LEFEVER commenced employment with Defendant NORTHERN LEASING.

33. That at all times herein relevant, Plaintiff LEFEVER was employed by Defendant NORTHERN LEASING as a Legal Account Manager.

34. That at all times herein relevant, Plaintiff LEFEVER was hired at Defendant NORTHERN LEASING by Sam Bono.

35. Plaintiff LEFEVER earned an annual salary of $35,000 per year plus commissions at Defendant NORTHERN LEASING.

36. That at all times herein relevant, Plaintiff LEFEVER was in a position subordinate to Defendant BROWN with regard to her employment with Defendant NORTHERN LEASING.

37. That at all times herein relevant, Plaintiff LEFEVER was in a position subordinate to Defendant COHEN with regard to her employment with Defendant NORTHERN LEASING.

38. That at all times herein relevant, Plaintiff LEFEVER would be given directives and take work orders from Defendant BROWN in the course of her employment with Defendant NORTHERN LEASING.

39. That at all times herein relevant, Plaintiff LEFEVER had contact with Defendant BROWN on a daily basis while working at Defendant NORTHERN LEASING.

40. That at all times herein relevant, Plaintiff LEFEVER was an above average employee.

41. That at all times herein relevant, the Defendants created a hostile work environment and discriminated against Plaintiff LEFEVER based on her race, national origin and gender on a daily basis.

42. On or about March 22, 2010, Plaintiff JEAN commenced employment with Defendant NORTHERN LEASING.

43. That at all times herein relevant, Plaintiff JEAN was employed by Defendant NORTHERN LEASING as a Floor Supervisor.

44. That at all times herein relevant, Plaintiff JEAN was hired by Robert Taylor at Defendant NORTHERN LEASING.

45. That at all times herein relevant, Plaintiff JEAN earned an annual salary of $32,000 per year plus commissions at Defendant NORTHERN LEASING.

46. That at all times herein relevant, Plaintiff JEAN was in a position subordinate to Defendant BROWN with regard to her employment with Defendant NORTHERN LEASING.

47. That at all times herein relevant, Plaintiff JEAN was in a position subordinate to Defendant COHEN with regard to her employment with Defendant NORTHERN LEASING.

48. That at all times herein relevant, Plaintiff JEAN would be given directives and take work orders from Defendant BROWN in the course of her employment with Defendant NORTHERN LEASING.

49. That at all times herein relevant, Plaintiff JEAN had contact with Defendant BROWN on a daily basis while working at Defendant NORTHERN LEASING.

50. That at all times hereinafter mentioned, the Defendants have engaged in intentional acts of racial discrimination against all African American employees, including Plaintiff LEFEVER and Plaintiff JEAN.

51. That at all times herein relevant, Defendant COHEN aided and abetted in the Defendants discriminatory and retaliatory conduct against Plaintiff LEFEVER and Plaintiff JEAN.

52. That at all times hereinafter mentioned, Plaintiff JEAN was referred to as the **"black horse"** by the Defendants.

53. By way of example, Defendant BROWN repeatedly told Plaintiff JEAN, **"Come on GG, you know you're my black horse.**

54. That at all times hereinafter mentioned, Defendant BROWN referred to Plaintiff LEFEVER and Plaintiff JEAN as "you people".

55. That at all times hereinafter mentioned, Defendant BROWN said **"we need to lighten up this department"** while referring to the skin color of Plaintiff LEFEVER and Plaintiff JEAN.

56. That at all times hereinafter mentioned, after making the comment about "lightening up the department", Defendant BROWN fired 3 African American employees the following week.

57. That at all times hereinafter mentioned, the majority of the employees working at Defendant NORTHERN LEASING are of Latin origin.

58. That at all times hereinafter mentioned, Defendants have double standards for employees of Latin origin and for African American employees (including Plaintiff LEFEVER and Plaintiff JEAN).

59. By way of example, Defendant NORTHERN LEASING had a policy of terminating employees who did not meet their quotas for 3 months but this policy was never enforced against employees of Latin origin.

60. On or around May 2014, Defendants terminated three African employees in 30 days time.

61. Specifically, Defendants have terminated the following African American employees: Maquette Baptist, Quanisha Adams, Corinna Mahbec, Albertina Campbell, and Silvana Roberson.

62. That at all times hereinafter mentioned, the Defendants have not terminated Julissa Gomez, Erika Martino or other underperforming employees of Latin origin.

63. Specifically, Jessenia Ramirez (of Latin origin) frequently underperformed and failed to meet company standards. Instead of being terminated (like African American employees), the Defendants transferred Ms. Ramirez to several departments within the company.

64. On one occasion, Jennifer Bonilla (Defendant NORTHERN LEASING employee) told Plaintiff LEFEVER and Plaintiff JEAN, "You guys should seriously do something about this [disparate treatment]. You are being treated unfairly. They want to fire you guys and hire more guys that look and speak like me [Latin]".

65. Additionally, while employees of Latin origin are treated favorably and granted leniency in their work, Plaintiffs LEFEVER and Plaintiff JEAN and other African American employees are terminated for any slight misconduct or error.

66. By way of example, Vanessa Leon (Defendant BROWN's former girlfriend) was allowed to take both days off and long breaks as she wished. Furthermore, Ms. Leon would often visit Defendant BROWN's office at 4:00 p.m. and stop working for the day.

67. That at all times hereinafter mentioned, Defendant BROWN has had personal and sexual relations with Julissa Gomez and other employees of Latin Origin.

68. That at all times hereinafter mentioned, Defendant BROWN impermissibly favored Julissa Gomez and other female employees of Latin Origin to the detriment of Plaintiffs and other African American employees.

69. That at all times hereinafter mentioned, Defendant BROWN ridiculed and yelled at Plaintiff LEFEVER at a staff meeting when she suggested feedback to improve the ethics in the department, stating that "If you don't like my rules, you know your way out! I am sick of dealing with you people's shit."

70. That at all times herein relevant, Defendants discriminated against Plaintiffs because of their race, national origin and gender while favoring employees of Latin Origin to the detriment of Plaintiffs.

71. For instance, Julissa Gomez (of Latin origin) was allowed to sleep at her desk, arrive to work late, leave work early and take long lunch breaks. On the other hand, Albertina Campbell and Neckline Valcort (both African American employees) were not given the same courtesies.

72. Additionally, Ivan Aguilar (of Latin origin) has failed to meet company standards for the past year. Instead of being terminated, the Defendants have transferred Mr. Aguilar to two other departments.

73. On numerous occasions during the course of their employment with Defendant NORTHERN LEASING, Plaintiff LEFVER and Plaintiff JEAN mustered the courage to complain about the discrimination they were forced to endure.

74. By way of example, Plaintiff LEFEVER and Plaintiff JEAN made several complaints to Human Resources about their hostile working conditions.

75. Additionally, Plaintiff LEFEVER and Plaintiff JEAN complained to Robert Taylor, Tomeka Small and Genna Lee Joseph.

76. No remedial action was taken in response to Plaintiff LEFEVER and Plaintiff JEAN's complaints.

77. Rather, Defendant NORTHERN LEASING's Human Resources Department openly mocked Plaintiff LEFEVER and Plaintiff JEAN for raising complaints, laughing at them and using words like "fuck", "bitches" and "shit" to describe their allegations.

78. Furthermore, the workload for Plaintiff LEFEVER and Plaintiff JEAN increased.

79. In fact, the complaints resulted in the escalation of the Defendants discriminatory and retaliatory practices, ultimately resulting in the termination of Plaintiff LEFEVER and Plaintiff JEAN.

80. Plaintiff LEFEVER was terminated by Defendants on April 9, 2014.

81. Plaintiff JEAN was terminated by Defendants on May 4, 2014.

82. Plaintiffs' performance was above average during the course of their employment with the Defendants.

83. As a result of the racially offensive and hostile acts, as set forth herein, Defendants, their agents, servants, and/or employees, created a hostile working environment in which the Plaintiffs were intimidated, harassed and undermined in their attempts to succeed.

84. Throughout the Plaintiffs' employment with the Defendants, the Plaintiffs brought the racially offensive and hostile acts and conduct, as set forth herein, to the attention of their supervisors.

85. As a result, the Defendants knew or through the exercise of reasonable diligence should have known of the wrongful and unlawful actions, conduct, and omissions of their agents, servants and/or employees and took no remedial action.

86. The Defendants caused, allowed and created an atmosphere that permitted institutional discrimination and a hostile working environment to thrive at the expense of the Plaintiffs herein.

87. As a result of the foregoing, the Plaintiffs have suffered and sustained severe emotional and psychological pain, distress and injury with physical manifestations.

88. Plaintiffs have suffered and will continue to suffer irreparable injury, mental anguish and humiliation and damage to their reputation as a result of the Defendants' discriminatory and unlawful practices.

89. The Defendants acted with malice and reckless disregard for the Plaintiffs' rights, causing the Plaintiffs to suffer and sustain monetary damages, pecuniary losses, promotions, raises, bonuses, inconveniences, and other benefits.

90. The Defendants' acted with malice and reckless disregard for the Plaintiffs' rights, causing the Plaintiffs to sustain loss of enjoyment of life.

91. As a direct and proximate result of the Defendants' wrongful acts, conduct and omissions, including but not limited to those set forth herein, the Plaintiffs have suffered both pecuniary and non-pecuniary losses and has otherwise been damaged.

### FIRST CAUSE OF ACTION – PURSUANT TO SECTION 1981

92. The Plaintiffs repeat, reiterate, reallege and incorporate by reference all the allegations contained in the preceding paragraphs as if more fully set forth herein at length.

93. Section 1981 of the Civil Rights Act, among other recoveries, provides that "all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."

94. During the course of the Plaintiffs' employment, Defendants, their agents, servants and/or employees subjected the Plaintiffs to unwelcome comments, insults and other racially offensive conduct, including but not limited to those described above creating a hostile working environment.

95. The effects of this hostile working environment were so severe and pervasive that it affected the terms, conditions and privileges of the Plaintiffs' employment, constituting a violation of Section 1981.

96. By the acts and practices described above, Defendants discriminated against Plaintiffs in the terms and conditions of their employment because of their race in violation of Section 1981.

97. Defendants engaged in an unlawful practice by discriminating against the Plaintiffs because of their race.

98. That by reason of the foregoing, the Plaintiffs demand a judgment against the Defendants in an amount to be determined at time of trial.

### SECOND CAUSE OF ACTION – PURSUANT TO SECTION 1981

99. The Plaintiffs repeat, reiterate, reallege, and incorporate by reference all the allegations contained in the preceding paragraphs as if more fully set forth herein

100. The Defendants have retaliated against the Plaintiffs in violation of Section 1981 for opposing and/or complaining of the Defendants' discriminatory practices against themselves and other African American employees of the Defendants by, inter alia, subjecting the Plaintiffs to acts of discrimination, harassment and humiliation, increasing the Plaintiffs' workload and openly mocking the Plaintiffs' truthful allegations of discrimination, harassment and/or retaliation.

101. As a direct and proximate result of the Defendants' unlawful and retaliatory conduct in violation of Section 1981, the Plaintiffs have suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, stress and anxiety, loss of self-esteem and self-confidence.

102. That by reason of the foregoing, the Plaintiffs demand a judgment against the Defendants in an amount to be determined at time of trial.

### THIRD CAUSE OF ACTION – PURSUANT TO EXUECTIVE LAW § 296

103. The Plaintiffs repeat, reiterate, reallege and incorporate by reference all the allegations contained in the preceding paragraphs as if more fully set forth herein at length.

104. Executive Law § 296 provides that it shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, **race**, creed, color, **national origin**, sexual orientation, military status, **sex**, disability, genetic predisposition or carrier status, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

105. That at all times herein relevant, Plaintiff LEFEVER was an "employee" of the Defendants for purposes of §§ 292 and 296, as well as all other relevant sections of the New York State Human Rights Law.

106. That at all times herein relevant, Plaintiff JEAN was an "employee" of the Defendants for purposes of §§ 292 and 296, as well as all other relevant sections of the New York State Human Rights Law.

107. That at all times herein relevant, the Defendants were an "employer" for purposes of §§ 292 and 296, as well as all other relevant sections of the New York State Human Rights Law.

108. By the acts and practices described above, Defendants discriminated against Plaintiffs in the terms and conditions of her employment because of her race, national origin and sex in violation of the New York State Law.

109. Defendants engaged in an unlawful practice by discriminating against the Plaintiffs because of their race, national origin and sex.

110. Plaintiffs have suffered, are now suffering and will continue to suffer irreparable injury, monetary damages, mental anguish and humiliation and damage to their reputation as a result of Defendants' discriminatory practices.

111. That by reason of the foregoing, the Plaintiffs demand a judgment against the Defendants in an amount to be determined at time of trial.

## FOURTH CAUSE OF ACTION – PURSUANT TO EXECUTIVE LAW § 296

112. Plaintiffs repeat, reiterate and reallege all the above paragraphs as if said paragraphs were more fully set forth herein at length.

113. New York State Executive Law Section 296 provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

114. By the acts and practices described above, Defendants retaliated against the Plaintiffs for their opposition to the unlawful discrimination under the New York State law.

115. Defendants unlawfully discriminated and retaliated against the Plaintiffs because of their race, national origin and sex.

116. Plaintiffs have suffered, are now suffering and will continue to suffer irreparable injury, monetary damages, mental anguish and humiliation and damage to their reputation as a result of Defendants' discriminatory and retaliatory practices

117. That by reason of the foregoing, the Plaintiffs demand a judgment against the Defendants in an amount to be determined at time of trial.

### **FIFTH CAUSE OF ACTION – PURSUANT TO CITY LAW**

118. The Plaintiffs repeat, reiterate, reallege and incorporate by reference all the allegations contained in the preceding paragraphs as if more fully set forth herein at length.

119. The Administrative Code of the City of New York § 8-107 provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, **race**, creed, color, **national origin**, **gender**, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

120. By engaging in the foregoing conduct, Defendants violated the Plaintiffs' rights under the Administrative Code of the City of New York § 8-101 et seq., subjected the Plaintiffs to a hostile work environment and to discrimination because of their race, national origin and gender/sex.

121. By engaging in the foregoing conduct, Defendants embarrassed and humiliated the Plaintiffs, causing the Plaintiffs to be terminated from work, and subjected the Plaintiffs to hostilities in violation of the Administrative Code of the City of New York § 8-101 et seq.

122. As a result of the foregoing, the Plaintiffs have suffered and sustained severe emotional and psychological pain, distress and injury with physical manifestations, entitling the Plaintiffs to compensatory damages.

123. By acting as described above, the Defendants acted with malice and reckless disregard for the Plaintiffs' rights, causing the Plaintiffs' to sustain loss of enjoyment of life and other non-pecuniary losses entitling Plaintiff to compensatory damages.

124. Plaintiffs have suffered, are now suffering and will continue to suffer irreparable injury, mental anguish and humiliation and damage to their reputation as a result of the Defendants' discriminatory practices.

125. By acting as described above, Defendants acted with malice and reckless disregard for Plaintiffs' rights, causing the Plaintiffs to suffer and sustain monetary damages, pecuniary losses, promotions, raises, bonuses, inconveniences, and benefits.

126. As a direct and proximate result of the Defendants' wrongful acts, conduct, and omissions, including but not limited to those set forth herein, the Plaintiffs have suffered both pecuniary and non-pecuniary losses and have otherwise been damaged.

127. That by reason of the foregoing, the Plaintiffs demand a judgment against the Defendants in an amount to be determined at time of trial.

### SIXTH CAUSE OF ACTION – PURSUANT TO CITY LAW

128. Plaintiffs repeat, reiterate, reallege and incorporate by reference all the allegations contained in the preceding paragraphs as if more fully set forth herein at length.

129. The New York City Administrative Code Title 8, § 8-107(1) (e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

130. By the acts and practices described above, the Defendants discriminated and retaliated against the Plaintiffs for the Plaintiffs' opposition to the unlawful discrimination under the Administrative Code of the City of New § 8-101 et seq.

131. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiffs because of the Plaintiffs' race, national origin and sex.

132. Defendants engaged in an unlawful discriminatory practice by terminating the Plaintiffs because of the Plaintiffs' race, national origin and sex.

133. Plaintiffs have suffered and are now suffering and will continue to suffer irreparable injury, monetary damages, mental anguish and humiliation and damage to their reputation as a result of the Defendants' discriminatory practices.

134. As a direct and proximate result of the Defendants' wrongful acts, conduct, and omissions, including but not limited to those set forth herein, the Plaintiffs have suffered both pecuniary and non-pecuniary losses and have otherwise been damaged.

135. That by reason of the foregoing, the Plaintiffs demand a judgment against the Defendants in an amount to be determined at time of trial.

### SEVENTH CAUSE OF ACTION – EMOTIONAL DISTRESS

136. Plaintiffs repeat, reiterate and reallege and incorporate by reference all the allegations contained in the preceding paragraphs as if more fully set forth herein at length.

137. Defendants engaged in extreme and outrageous conduct.

138. Defendants intended to cause, or disregarded a substantial probability of causing, severe emotional distress to the Plaintiffs.

139. There exists a causal connection between the above conduct and said injury.

140. As a result of said conduct, Plaintiffs suffered and continue to suffer from severe emotional distress.

141. As a direct and proximate result of the Defendants' wrongful acts, conduct and omissions, including but not limited to those set forth herein, the Plaintiffs have suffered both pecuniary and non-pecuniary losses and have otherwise been damaged.

142. That by reason of the foregoing, the Plaintiffs demand a judgment against the Defendants in an amount to be determined at time of trial.

## EIGHTH CAUSE OF ACTION – PUNITIVE DAMAGES

143. Plaintiffs repeat, reiterate, reallege and incorporate by reference all the allegations complained in the preceding paragraphs as if more fully set forth herein at length.

144. That at all times hereinafter mentioned, Defendants knew that their actions constituted unlawful discrimination and unlawful retaliation in violation of law.

145. That at all times hereinafter mentioned, Defendants acted with malice or reckless disregard and/or with the intention to violate the law.

146. As a result of the foregoing, the Plaintiffs seek declaratory relief, compensatory damages and punitive damages, together with reasonable attorneys' fees, costs of this action, pre-judgment and post-judgment interest, and other appropriate relief pursuant to Section 1981, Executive Law and the Administrative Code of the City of New York.

147. That by reason of the foregoing, the Plaintiffs demand a judgment against the Defendants in an amount to be determined at time of trial.

## JURY DEMAND

148. Plaintiffs Demand a Trial by Jury.

## PRAYER FOR RELIEF

149. WHEREFORE, Plaintiff LEFEVER and Plaintiff JEAN respectfully request that the Court enter judgment in Plaintiffs' favor and against the Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of the Defendants complained of herein violate the laws of the United States of America, the State of New York, and the City of New York;

B. An injunction and order permanently removing and clearing information to the contrary contained in the Plaintiffs' employee file and restraining Defendants from engaging in such unlawful conduct;

C. An order directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate the Plaintiffs for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate the Plaintiffs for the loss of benefits, promotions, raises and opportunities;

F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate the Plaintiffs for all non-monetary and/or compensatory damages/including but not limited to, compensation for their mental anguish, humiliation, embarrassment, stress and anxiety, emotional and psychological pain and suffering, emotional and psychological distress and the physical manifestations caused;

G. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate the Plaintiffs for harm to their professional and personal reputation and loss of career fulfillment;

H. Awarding damages to the Plaintiffs, retroactive to the date of their actual and/or constructive discharge, for all lost wages, overtime pay, and benefits resulting from Defendants' unlawful employment practices in an amount that exceeds the jurisdictional limit of all lower courts;

I. Awarding Plaintiffs compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to their reputation in an amount that exceeds the jurisdictional limit of all lower courts;

J. An award of punitive damages;

K. An award of costs that the Plaintiffs have incurred in this action, as well as plaintiffs' reasonable attorneys' to the fullest extent permitted by law; and

L. Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 19, 2014

                                                          Respectfully Submitted,

                                                          AKIN LAW GROUP PLLC
                                                          Attorneys for Plaintiffs

                                                          */s/ Robert D. Salaman*

                                                          _____
                                                          Robert D. Salaman, Esq. (RS7487)
                                                          45 Broadway, Suite 1420
                                                          New York, NY 10006
                                                          (212) 825-1400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    Civil Action No.:
-------------------------------------------------------------------X
RASHIDA LEFEVER and GORETHIE JEAN,

                                  Plaintiffs,

   - against -

NORTHERN LEASING SYSTEMS INC.,
JAY COHEN and RICARDO BROWN,

                                  Defendants.
-------------------------------------------------------------------X

## COMPLAINT

**AKIN LAW GROUP PLLC**
*Attorneys for Plaintiffs*
45 Broadway, Suite 1420
New York, New York 10006
Tel. (212) 825-1400
Fax. (212) 825-1440